# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CR-0002-CVE |
| | ) |
| RANDY ALAN HAMETT, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant Randy Alan Hamett's motion to dismiss count two of the indictment (Dkt. # 28). Plaintiff filed a response (Dkt. # 29), and defendant filed a supplemental brief in support (Dkt. # 32), to which plaintiff has not responded.[1]

### I.

On January 10, 2018, a grand jury returned an indictment charging defendant with four counts related to an alleged kidnapping. Dkt. # 13. In count one, defendant is charged under the federal kidnapping statute, 18 U.S.C. § 1201(a)(1). Id. at 1. In count two, defendant is charged with knowingly using, carrying, and brandishing a firearm in relation to a crime of violence (i.e. the alleged kidnapping) in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Id. at 2. In count three, defendant is charged with knowingly possessing and receiving a stolen firearm and ammunition in violation of 18 U.S.C. § 922(j). Id. at 3. In count four, defendant is charged with possession of a firearm and ammunition while subject to a domestic violence protective order in violation of 18 U.S.C. § 922(g)(8). Id. at 4.

---

[1] Defendant filed his supplemental brief on May 29, 2018.

On April 13, 2018, defendant moved to dismiss count two of the indictment on the ground that § 1201(a)(1) does not constitute a crime of violence under § 924(c). Dkt. # 28. On April 19, 2018, the Court stayed the litigation (see Dkt. # 31) pending the Tenth Circuit's decision in United States v. Hopper, 723 Fed. App'x 645 (10th Cir. 2018).[2]

## II.

In his supplemental brief, defendant argues that federal kidnapping is not a crime of violence for purposes of § 924(c). Dkt. # 32, at 2-3 (citing United States v. Salas, 889 F.3d 681 (10th Cir. 2018); Hopper, 723 Fed. App'x at 646). Plaintiff has not responded to defendant's supplemental brief and, due to the Tenth Circuit's intervening decisions in Salas and Hopper, plaintiff's arguments in its response to defendant's motion to dismiss are moot.

Section 924(c)(3) defines "crime of violence" as an offense that is a felony and either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). The first clause is commonly referred to as the "elements clause" and the second the "residual clause." See, e.g., United States v. Lee, 458 Fed. App'x 741, 745 (10th Cir. 2012). In turn, the federal kidnapping statute provides that "whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person . . . shall be punished by imprisonment for any term of years or for life." 18 U.S.C. § 1201(a)(1).

---

[2] This and other cited unpublished decisions are not precedential but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

The Court finds that, in the Tenth Circuit, federal kidnapping is not a crime of violence for purposes of § 924(c). In Hopper, the Tenth Circuit held that § 1201(a) "does not fit within the elements clause [of § 924(c)] because it can be committed by 'inveigling,' which does not involve force." 723 Fed. App'x at 646. And in Salas, the Tenth Circuit held that the residual clause of § 924(c) is "unconstitutionally vague." 889 F.3d at 686. Accordingly, because under Hopper § 1201(a) is not a crime of violence under § 924(c)'s elements clause and under Salas § 924(c)'s residual clause is unconstitutionally vague, in the Tenth Circuit federal kidnapping is not a crime of violence for purposes of § 924(c), and defendant's motion to dismiss count two of the indictment (Dkt. # 28) should be **granted**.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss count two of the indictment (Dkt. # 28) is **granted**.

**DATED** this 3rd day of July, 2018.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE