**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CR-0002-CVE |
| | ) | |
| RANDY ALAN HAMETT, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's notice pursuant to Federal Rule of Evidence 404(b) (Dkt. # 36). Plaintiff seeks to introduce evidence of three incidents (the three incidents) that occurred a few months before the conduct charged in the indictment. Id. Plaintiff contends that this evidence is admissible because it is intrinsic to the crimes charged in the indictment or, in the alternative, under Rule 404(b), as evidence of defendant's motive and intent. Dkt. # 41, at 5. Defendant filed a response opposing plaintiff's notice (Dkt. # 38), and plaintiff filed a reply (Dkt. # 41).

**I.**

The indictment charges defendant with the following: beginning on or about April 25, 2017, and continuing through on or about April 26, 2017, in the Northern District of Oklahoma and elsewhere, defendant: (1) unlawfully and knowingly seized, confined, kidnapped, and abducted Person A, for some benefit and purpose and, in committing and in furtherance of the commission of the offense, willfully transported Person A in interstate commerce from Oklahoma to Arkansas, in violation of 18 U.S.C. § 1201(a)(1) (count one); (2) knowingly possessed and received firearms and ammunition which had been shipped and transported in interstate commerce, and defendant

1

knew and had reasonable cause to believe were stolen, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (count three); and (3) knowingly possessed in and affecting interstate commerce firearms and ammunition while subject to a protective order, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2) (count four). Dkt. # 13.[1]

According to defendant (whose representations plaintiff "generally accepts, for purposes of this motion only . . . ." Dkt. # 41, at 3 n.1):

> It is alleged that [defendant] [beginning on or about April 25, 2017, and continuing through on or about April 26, 2017] went to the residence of A.H. [i.e. the victim, whom the indictment refers to as Person A], watched her and waited for her to leave for work, and then used a saw to cut a small doorway into the master bedroom of the home. Once inside the home, it is alleged that he laid in wait for A.H. to return from work, armed with her gun and a Taser. A.H. returned home and was tased and bound with zip ties. She was then taken to the trailer of [defendant] where she reported that she was sexually assaulted, including having her clothing cut from her body. She reported that [defendant] threatened her life and his own. She then devised a plan to travel back to Arkansas to renew their wedding vows in hopes that she could find a way to escape during travel. [Defendant] agreed and suggested that they take her vehicle. During this time, A.H. sent several text messages designed to get help from her parents. Her plan worked and the police used her cell phone signal to find and retrieve her from a hotel in Siloam Springs, Arkansas.

Dkt. # 38, at 3.

## II.

Plaintiff states that it may seek to introduce evidence that defendant: "(1) burglarized A.H.'s house on or about January 5th, 2017; (2) was present at A.H. home [sic] without permission on February 6, 2017; and (3) was at [A.H.'s] place of employment [i.e. Rogers State University (RSU)] without legitimate reason on February 21, 2017, " where, after A.H. alerted campus police, he was

---

[1] Earlier in this case, count two of the indictment was dismissed. See Dkt. # 34.

served with the Oklahoma protective order that A.H. obtained against him. Dkt. # 41, at 3; see also Dkt. # 36, at 2; Dkt. # 38, at 2-3. [2]

Plaintiff argues that evidence of the three incidents is "intrinsically linked to the charged counts and necessary to put into context what occurred on April 25-26, 2017." Dkt. # 41, at 2. Specifically, plaintiff asserts that the three incidents collectively demonstrate that A.H. had reason to fear defendant before he allegedly kidnapped her on April 25-26, 2017, and A.H.'s preexisting fear of defendant is relevant to count one because, under § 1201(a)(1), plaintiff must prove that defendant "unlawfully held, kept, detained, or defined [sic] [A.H.] against her will." Id. at 3 (citing Tenth Circuit Criminal Pattern Jury Instructions § 2.55 at 177-78 (2011)). Plaintiff explains further that evidence of A.H.'s fear of defendant prior to the kidnapping is particularly relevant in this case because, on April 26, 2017, during the course of the alleged kidnapping and "under the supervision of defendant," A.H. sent a text message to her mother, and a similar text message to her boyfriend, stating, "[defendant] came home last night and we have decided our love story is not over. I'm ok. Will call you tomorrow when we get home." Id. at 4 (quoting Dkt. # 41-1). Plaintiff states that A.H. sent these texts "hoping to alert" her mother and boyfriend that she was in danger. Id. Plaintiff argues that without the evidence of the three incidents, which explain that A.H. feared defendant and did not actually wish to travel to Arkansas with him, A.H.'s testimony explaining the text messages will be "confusing and nonsensical." Id. In the alternative, plaintiff argues that evidence of the three

---

[2] Elsewhere in its briefing, plaintiff states that the RSU incident occurred on February 16, 2017, as opposed to February 21, 2017. Dkt. # 41, at 3-4. Defendant also refers to the RSU incident as allegedly having occurred on February 16, 2017. Dkt. # 38, at 2. Unless and until plaintiff objects, the Court will therefore refer to the alleged RSU incident as having occurred on February 16, 2017. Additionally, defendant adds that the discovery materials indicate that during the RSU incident, defendant allegedly lied to campus police about how he arrived on campus. Id.

3

incidents is admissible under Fed. R. Evid. 404(b) because it shows defendant's motive and intent and is not unduly prejudicial, as the three incidents are "relatively mild compared to the extraordinarily outrageous conduct perpetrated by defendant on April 25-26, 2017." Id. at 4-7.[3]

Defendant responds that the Court should exclude the evidence of the three incidents. Dkt. # 38. Fist, defendant argues that this evidence is extrinsic to the crimes charged in the indictment because the conduct charged in the indictment "happened more than two months after" the three incidents and "is easily understood independent of the history that prefaced it." Id. at 5. Defendant argues further that, in order to prove count four of the indictment, plaintiff must introduce evidence of a protective order against defendant, and "this fact alone will provide a sufficient background to understand the allegations." Id. Second, defendant argues that, even if the Court finds that the evidence of the three incidents qualifies as evidence of defendant's motive and intent under Rule 404(b), the Court should nevertheless exclude this evidence under Rule 403, because its probative value is low—as plaintiff has at its disposal intrinsic evidence sufficient to "provide contextual

---

[3] In addition, plaintiff argues that it is necessary to introduce evidence of the February 16, 2017, RSU incident in order to "demonstrate that the defendant was served with the protective order," which is an essential element of count four of the indictment. Id. at 4.

understanding of the allegations and to address all essential elements of the charges—"[4] and its danger for prejudice is high—as evidence of "two burglaries and lying to the police" are bad acts that "do not directly relate to the substantive charges." Id. at 6. Finally, if the Court allows evidence of the three incidents, defendant requests that the Court issue a limiting instruction. Id.

> Fed. R. Evid. 404(b), in pertinent part, provides:
>
> (1) Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

In weighing the admissibility of evidence under Rule 404(b), the Court must consider four factors: (1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) whether the probative value of the evidence is substantially outweighed by its prejudicial effect, and (4) the court must give a limiting instruction if the defendant so requests. Huddleston v. United States, 485 U.S. 681, 691 (1988); United States v. Mares, 441 F.3d 1152, 1156 (10th Cir. 2006); United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000). Rule 404(b) does not apply to evidence which is admitted as

---

[4] Defendant states that the discovery indicates that "[i]n addition to the detailed testimony of A.H., physical evidence corroborating her narrative includes: deployed Taser prongs found at the residence of A.H.; photographs of the hole [defendant] cut in the side of [her] home [before entering on April 25, 2017]; documentary proof of service of the protective order; photographs of the physical injuries sustained by A.H. including Taser marks and bruises from the zip ties; medical records of A.H.; text records from A.H. to her family; cut clothing; used and unused zip ties at multiple scenes; a handwritten list of items necessary to complete a kidnapping found in the pocket of [defendant] upon his arrest; photographic evidence of items recovered from the truck and trailer owned by [defendant] including, among numerous other items, a large saw; Krispy Kreme cherry pie donuts located in the home of A.H. after her abduction and the same pie container found in the truck of [defendant]; and firearms recovered from the scene." Id. at 3-4.

proof of the charged conduct; it applies only to evidence of acts extrinsic to the charged crime. United States v. Orr, 864 F.2d 1505, 1510 (10th Cir.1988). "'An uncharged act [is not] extrinsic if it . . . was 'inextricably intertwined' with the charged crime such that witness' testimony 'would have been confusing and incomplete without mention of the prior act.'" United States v. DeLuna, 10 F.3d 1529, 1532 (10th Cir. 1993) (quoting United States v. Record, 873 F.2d 1363, 1372 n.5 (10th Cir. 1989)).The Tenth Circuit has held that "intrinsic evidence is that which is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." United States v. Irving, 665 F.3d 1184, 1212 (10th Cir. 2011). Under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of [inter alia] . . . unfair prejudice . . . ." That said, "[e]xclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." United States v. Tan, 254 F.3d 1204, 1211-12 (10th Cir. 2001).

The Court finds that evidence of the three incidents is not intrinsic to the crimes charged in the indictment but should be admitted under Fed. R. Evid. 404(b). The evidence of the three incidents is extrinsic to the crimes charged in the indictment because, without this evidence, a reasonable jury would not lack sufficient context or background information to understand the witness testimony—A.H. intends to offer detailed testimony about the events of April 25-26, 2017, and plaintiff has at its disposal a plethora of physical evidence corroborating her testimony.[5] Nevertheless, evidence of the three incidents should be admitted under Rule 404(b). In the Tenth

---

[5] Indeed, upon hearing A.H.'s testimony that defendant tased, bound, and sexually assaulted her, and learning of the physical evidence corroborating her testimony, no reasonable juror would be confused as to why A.H. may have feared defendant and may not have willingly gone to Arkansas with him.

Circuit, "[t]o kidnap a person means to unlawfully hold, keep, detain, and confine the person <u>against that person's will</u>." Tenth Circuit Criminal Pattern Jury Instructions § 2.55 at 177 (2011) (emphasis added); <u>see</u> <u>also</u> <u>United States v. Walker</u>, 137 F.3d 1217, 1220 (10th Cir. 1998). And plaintiff seeks to introduce evidence of the three incidents to prove that A.H.—despite sending text messages that might indicate otherwise—feared defendant and did not willingly travel to Arkansas with him (not to prove defendant's character). This is a proper purpose under Rule 404(b). <u>See</u> <u>United States v. Wooten</u>, 377 F.3d 1134, 1143 (10th Cir. 2004) (evidence of extrinsic incidents between defendant and kidnapping victim that occurred prior to the conduct charged in the indictment admissible under 404(b) as "relevant to . . . [the victim's] lack of consent" in traveling with defendant). Moreover, the probative value of evidence of the three incidents is not substantially outweighed by this evidence's prejudicial effect. The three incidents are relevant to, and highly probative of, the fact that A.H. feared defendant and did not willingly travel to Arkansas with him, and the evidence of defendant's gruesome conduct on April 25-26, 2017, will likely prejudice defendant to such a degree that the three incidents (<u>i.e.</u> a nonviolent burglary of A.H.'s home and showing up to her home and workplace without permission) will appear mundane by comparison.

Accordingly, evidence that defendant: (1) burglarized A.H.'s home on or about January 5, 2017; (2) was present at A.H.'s home without permission on February 6, 2017; and (3) was at [A.H.'s] place of employment (where he was served with a protective order) without legitimate reason on February 16, 2017, is admissible under 404(b) for the purpose of proving that A.H. feared defendant and did not willingly travel with him to Arkansas. Information related to these events that does not tend to make it more probable that A.H. feared defendant and did not willingly travel with him to Arkansas—such as and including the allegation that defendant lied to campus police during

7

the course of the February 16, 2017 incident—[6] will be excluded. In addition, per defendant's request, the Court will provide an appropriate limiting instruction.

**IT IS THEREFORE ORDERED** that the evidence proffered in plaintiff's notice pursuant to Federal Rule of Evidence 404(b) (Dkt. # 36) is admissible under Fed. R. Evid. 404(b) for the purpose of proving that A.H. feared defendant and did not willingly travel with him to Arkansas. The Court will provide an appropriate limiting instruction as to this evidence.

**DATED** this 19th day of July, 2018.

                                              _____
                                              CLAIRE V. EAGAN
                                              UNITED STATES DISTRICT JUDGE

---

[6] See supra note 2.