UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CR-0002-CVE |
| | ) | [Civil Case No. 23-CV-0428-CVE-MTS] |
| RANDY ALAN HAMETT, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant Randy Alan Hamett's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 221). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Defendant filed his § 2255 motion more than one year after his conviction became final, rendering it untimely under § 2255(f). On October 4, 2023, the Court issued an order to defendant to show cause why his § 2255 motion is timely. Defendant responded on November 3, 2023 (Dkt. # 224).[1]

---

[1] The Court ordered defendant to show cause no later than November 3, 2023. Dkt. # 223, at 1. The court clerk file-stamped defendant's response on November 6, 2023. Dkt. # 224. However, the envelope containing his filing was post-marked November 3, 2023. See Dkt. # 224, at 8. Under the prison mailbox rule, "an inmate's pleadings are deemed filed as of the date on which they are deposited into the appropriate prison mailing system." Lockaby v. Young, 42 F. App'x 313, 318 (10th Cir. 2002). Defendant's response to the order to show cause is therefore timely, and the Court will consider his arguments therein.

This and other unpublished decisions are not precedential, but they may be cited for their persuasive value. See 10TH CIR. R. 32.1.

Following remand for a new trial, on September 14, 2020, a grand jury returned a second superseding indictment charging defendant with twelve counts: kidnapping within Indian country (count 1), carjacking (count 2), possessing a stolen firearm and ammunition (count 3), possessing firearms and ammunition while subject to a domestic-violence protective order (count 4), second degree burglary in Indian country (count 5), assault with a dangerous weapon in Indian country (counts 6 and 7), domestic violence in Indian country (count 8), interstate violation of a protective order (counts 9 and 10), and using or brandishing a dangerous weapon in furtherance of a crime of violence (counts 11 and 12) ( Dkt. # 130). Following a jury trial, on April 21, 2021, the jury returned guilty verdicts on all twelve counts (Dkt. # 182). On August 24, 2021, defendant was sentenced to 396 months of imprisonment, with a term of supervised release of five years. A judgment and commitment was entered on August 25, 2021 (Dkt. # 197). Defendant filed a direct appeal challenging his convictions and sentence, and the Tenth Circuit Court of Appeals affirmed defendant's convictions and sentence on June 2, 2022 (Dkt. # 219). Defendant did not file a petition for writ of certiorari with the United States Supreme Court and his conviction became final on August 31, 2022.[2] Therefore, absent a tolling event, his § 2255 motion was due no later than August 31, 2023.

Section 2255 motions are subject to a one-year statute of limitations, running from the latest of

(1) the date on which the judgment of conviction becomes final;

---

[2] According to Sup. Ct. R. 3.3, "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." The Tenth Circuit issued its mandate on June 24, 2022, but entered its judgment on June 2, 2022, the latter of which triggers the ninety-day clock.

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Defendant's § 2255 motion (Dkt. # 221) was filed on September 21, 2023.[3] See Dkt. # 221, at 33. As stated, defendant's one year statute of limitations under § 2255(f)(1) expired on August 31, 2023, and his motion is not timely. The Court can discern no other basis under § 2255(f) under which defendant's motion could be timely, and the motion will be dismissed as untimely unless he can demonstrate that the one-year limitations period should be tolled.

A § 2255 motion filed after the statute of limitations period has expired is untimely unless equitable tolling of the limitations period is warranted. United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008). To warrant equitable tolling, defendant must demonstrate "extraordinary circumstances." See United States v. Willis, 202 F.3d 1279, 1281 n. 3 (10th Cir. 2000) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). Such circumstances exist if "the petition has in some extraordinary way . . . been prevented from asserting his or her rights." Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). Defendant must also plead with

---

[3] The clerk of court file-stamped the motion on October 3, 2023, but the corresponding envelope was post-marked September 26, 2023, and shows that the motion was placed in the prison's legal mail system on September 21, 2023. Dkt. # 221, at 1, 32-33. Because "an inmate's pleadings are deemed filed as of the date on which they are deposited into the appropriate prison mailing system," the Court deems defendant's § 2255 filing date September 21, 2023. Lockaby, 42 F. App'x at 318.

"specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." Marr, 141 F.3d at 978. "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." Wallace v. Kato, 549 U.S. 384, 396 (2007).

The Court, construing defendant's response liberally, concludes that he seeks equitable tolling of the one-year statute of limitations. See United States v. Berzosa-Flores, No. CR-18-47, 2023 WL 3806365, at *2 (W.D. Okla. June 2, 2023) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Defendant alleges that he had twice-before delivered his § 2255 motion to prison authorities to be placed in the prison mail system–on June 1, 2023 and August 3, 2023–but had insufficient postage to mail his motion. According to defendant, the prison provides indigent inmates five stamps per month for legal mail, and ten stamps are required to mail a § 2255 motion. He claims that he had already used five stamps on legal mail to the Tenth Circuit, and had to therefore wait two months to procure ten additional stamps, resulting in a delay.[4] Defendant does not allege that he had insufficient postage during the ten months preceding June 1, 2023.

Defendant claims that he was further inhibited by scant notarial services and institutional lockdowns. He claims mail services were inaccessible because the "the unit manager [who allegedly places the stamps on legal mail] is very hard to gain access to and during lockdowns almost

---

[4] The Court takes judicial notice of the following facts. Defendant sent a letter to the Tenth Circuit on May 15, 2023, requesting that the court reinstate his direct appeal as a result of ineffective assistance of counsel. The court advised defendant, on May 16, 2023, that it no longer had jurisdiction over his case and that it had entered an order and judgment affirming his sentence on June 2, 2022. The court then returned his letter "in the event that [defendant] intend[s] to contact the U.S. District Court for the Northern District of Oklahoma regarding any post-conviction proceedings that [he] may wish to file." Appellate Case No. 21-5063, Doc # 010110860663, at 1.

impossible." Dkt. # 224, at 1. He also claims that it was difficult to get in contact with a notary in August, September, and October. Id. at 3. To support these factual allegations, defendant attaches a non-notarized letter from a "counselor" at the Bureau of Prisons stating that "Randy Hammet[5] has diligently worked on his motion to the court and was hindered in a timely filing due to numerous institutional lockdowns, and a misunderstanding of the indigent inmate legal mail policy at this institution." Id. at 5. Defendant also attaches two hand-copied "notices" allegedly posted by prison officials that, according to defendant, "caused many [l]ockdowns and loss of legal time for [l]aw [l]ibrary, access to staff and the gathering of material for the mailing of legal mail." Id. at 6-7. These hand-copied notices discuss potential sanctions–including loss of recreation time and television time–against inmates responsible for lighting objects on fire and storing hard contraband. Id. The notices, however, do not mention the implementation of institutional lockdowns or a prohibition on access to legal materials and the law library. See id. Moreover, both notices are dated November 2, 2023, two months after the one-year statute of limitations expired. Id. Beyond the form letter and hand-copied notices, defendant does not allege any particular facts about the frequency or duration of institutional lockdowns, or whether any lockdowns occurred during the one-year statute of limitations period. The Court will consider whether defendant's allegations warrant equitable tolling of the statute of limitations.

   First, a blanket prison policy permitting only a certain allotment of postage for indigent inmates is not an extraordinary circumstance that justifies equitable tolling of the statute of limitations. "Generally, equitable tolling requires a litigant to establish two elements: (1) that he has

---

[5]  Defendant's last name is spelled incorrectly in the letter from the prison official; his last name is spelled Hamett.

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (internal citations omitted). An allotment policy of five stamps/month for legal mail for indigent defendants is well inside the realm of routine prison functioning. See Morrison v. United States, No. 07-CR-3, 2021 WL 1635852, at *3 (S.D.N.Y. Apr. 26, 2021) ("[t]he unavailability of postage at the correctional facility is insufficient to meet the threshold of extraordinary circumstances . . . [d]ifficulties in purchasing or otherwise obtaining postage–a common problem in the prison system–are not a rare or extraordinary circumstance worthy of equitable tolling.") The postage policy does not amount to an extraordinary circumstance as contemplated by the Tenth Circuit, which has allowed equitable tolling when, for example, prison officials confiscated all of a petitioner's legal documents, withheld legal mail when a petitioner was in solitary confinement, or barred complete access to a law library. Cf. Gabaldon, 522 F.3d at 1124-25 (finding extraordinary circumstances sufficient for equitable tolling when "evidence presented by Mr. Gabaldon indicates that six weeks before the expiration of the limitations period, prison officials confiscated all of his legal documents, including a draft § 2255 motion and brief, and refused to return the documents despite his numerous requests before his deadline that they do so.") Moreover, a § 2255 motion does not require notarial services and defendant did not notarize his § 2255 motion; therefore this argument is irrelevant. See AO 243, at 1; Dkt. # 221. The allotted five stamps per month policy and lack of notary access do not present exceptional or rare circumstances that could warrant equitable tolling of the statute of limitations.

Even if the delay due to the postage policy was an extraordinary circumstance, defendant did not diligently pursue filing of his motion. "[The Tenth Circuit] ha[s] consistently held that 'a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant

law, such as AEDPA, is not enough to support equitable tolling.'" United States v. Buckaloo, 257 F. App'x 88, 90 (10th Cir. 2007). Defendant stated only that he used five stamps to send legal mail to the circuit in May 2023, but otherwise fails to explain why he was unable to procure ten stamps at any time before May 2023, or in the three months thereafter, before his § 2255 filing deadline expired. While "a petitioner 'is not ineligible for equitable tolling simply because he waited until late in the limitations period to file his habeas petition," extraordinary circumstances cannot remedy a situation "'where the petitioner has been so neglectful in the preparation of his petition that even in the absence of the extraordinary circumstances, a reasonable person in the petitioner's situation would have been unable to file in the time remaining.'" Gabaldon, 522 F.3d at 1126 (quoting Valverde v. Stinson, 224 F.3d 129, 136 (2d Cir. 2000)). Defendant cannot claim ignorance of the postage policy or any delay caused by prison officials. As evidenced by his rejected letter to the circuit court, defendant was on notice of the postage policy as early as May 2023; it was entirely foreseeable that he would face a delay in filing his motion if he did not have the requisite postage. Cf. Archuleta, 525 F.3d at 930 (finding that neither a language barrier nor petitioner's ignorance of the § 2255 statute of limitations warranted equitable tolling). Defendant has not alleged any other facts–beyond the vague alleged occurrence of "institutional lockdowns"–to show that he was diligent in attempting to file his motion in a timely manner.

Defendant has furthermore failed to plead sufficient facts related to alleged institutional lockdowns or how they affected the timeliness of his motion. "[N]ot every prison lockdown or other limitation on access to prison law libraries or legal resources entitles a petitioner to equitable tolling—because the petitioner must still allege facts about how the lockdown or limited access prevented him from timely moving for relief." United States v. Tinsman, No. 21-7024, 2022 WL

3208346, at *2 (10th Cir. Aug. 9, 2022). Beyond generally alleging that the unit manager in charge of postage is difficult to reach during a lockdown, defendant has not alleged any other facts demonstrating the occurrence of lockdowns or how they impacted his timely filing of a § 2255 motion. Moreover, defendant has not shown how limited access to the unit manager caused his delay in filing. Cf. Strickland v. Crow, No. 21-6085, 2022 WL 245521, at *4 (10th Cir. Jan. 27, 2022) (refusing to equitably toll § 2254 statute of limitations despite COVID-19 restrictions limiting access to law library, because petitioner had "not shown how his limited access caused his delay in filing") (internal citations omitted). Defendant does not claim that he was unable to obtain postage from the unit manager, or that the unit manager was unavailable when he allegedly brought his § 2255 motion twice before; he simply claims that he did not have adequate postage and that the unit manager is difficult to reach when a lockdown occurs. Had the defendant exercised diligence in obtaining the postage, or refrained from sending the May 2023 letter to the circuit, his motion would have been timely. As it stands, defendant has not demonstrated that he diligently pursued his post-conviction rights.

As stated, defendant has failed to provide information about the frequency, duration, or dates of the alleged lockdowns or explain why he was unable to file his petition in between their alleged occurrences. Donald v. Pruitt, 853 F. App'x 230, 234 (10th Cir. 2021) ("[Petitioner] is not entitled to equitable tolling [for an untimely § 2254 motion] based on his allegedly limited access to the law library. . . [t]he district court correctly concluded that [petitioner] hasn't shown that he was pursuing his rights diligently throughout the one-year window, including before the [] restrictions went into place"). A letter from a prison "counselor" generically stating that "numerous institutional lockdowns" occurred is inadequate. The mere fact that some lockdowns may have occurred during

the year defendant had to file this motion does not automatically entitle him to equitable tolling. Defendant has not shown that he diligently pursued post-conviction relief or that there was a substantial impediment to the timely filing of his motion. Equitable tolling is therefore unwarranted. The Court finds that defendant's § 2255 motion is untimely.

Pursuant to 28 U.S.C. § 2253, a defendant is required to obtain a COA before appealing a final order in a proceeding under 28 U.S.C. § 2255. Section 2253(c) instructs that the court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). However, "[i]f the [motion] was denied on procedural grounds, the applicant faces a double hurdle." United States v. Crisp, 573 F. App'x 706, 708 (10th Cir. 2014). "Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Id. (quoting Slack, 529 U.S. at 484). After considering the record, the Court concludes that a COA should not issue because defendant has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would debate the existence of a plain procedural bar.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence (Dkt. # 221) is **dismissed as time-barred**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**DATED** this 5th day of January, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE